**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br>962 Wayne Ave., Suite 610<br>Silver Spring, MD 20910<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF THE INSPECTOR GENERAL<br>1849 C St. NW,<br>Washington, DC 20240<br><br>*Defendant,* | ) | Civil Action No. 17-cv-633<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 § U.S.C. 552 *et seq.*, as amended, to compel the Office of the Inspector General of the United States Department of the Interior (DOI-OIG) to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.
2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operation of federal, state, and local governments.
3. On February 2, 2017, Plaintiff sent a FOIA request seeking records related to a DOI-OIG investigation into federal ethical violations and misconduct committed by a Bureau of Land Management supervisory agent (BLM agent) out of Salt Lake City, Utah.

4. On February 17, 2017 PEER voluntarily narrowed the scope of its request to include only the Record of Investigation (ROI), and particular attachments that PEER identified.
5. The FOIA requires federal Agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).
6. The FOIA requires the agency to determine within 20 working days after receipt of a FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5. U.S.C. § 552(a)(6)(B)(i).
7. To date, Defendant has failed to produce any records in response to Plaintiff's FOIA Request No. OIG-2017-00063.
8. Defendant's conduct is arbitrary and capricious, and amounts to a denial of Plaintiff's FOIA request. Plaintiff is seeking to educate the public about allegations of misconduct by supervisory employees within Defendant's agency, and Defendant is frustrating that purpose.
9. Plaintiff constructively exhausted its administrative remedies under 5. U.S.C. § 552(a)(6)(C)(i), and now seeks an order from the Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.
11. This Court is a proper venue because Defendant is a government agent that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).
12. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *et seq.*
13. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.
15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, DOI-OIG, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. On October 7, 2015, in response to two anonymous complaints, DOI-OIG initiated an investigation of potential violations of federal ethics rules committed by a BLM supervisory agent based in Salt Lake City, Utah. The first complaint alleged violations committed by the BLM agent during the Burning Man festival in Nevada in 2015. The second complaint alleged interference by the BLM agent in an April 2015 hiring process for a new BLM employee. During the investigation DOI-OIG received a third complaint alleging misconduct that was not initially disclosed out of current employees' stated fear that the BLM agent would retaliate against them. PEER's interest is in the second and third complaints.

19. On January 30, 2017 DOI-OIG posted a summary report of the investigation titled "Investigative Report of Ethical Violations and Misconduct by Bureau of Land Management Officials" on its website http://www.doioig.gov/reports. This version of the report was labeled "a version of the report prepared for public release."

20. The summary report shows that DOI-OIG concluded that the BLM agent violated federal ethics rules when he secured tickets to the Burning Man festival for family members when the festival was "sold-out" to the public and by having a subordinate employee secure a hotel reservation for his guests. DOI-OIG concluded that the BLM

agent improperly influenced the hiring process of the new BLM employee. The summary report does not reach a conclusion regarding acts of retaliation by the BLM agent, but contains allegations from multiple employees.

21. On February 2, 2017, PEER requested the full report of investigation ("ROI"), including all supporting documents or exhibits.

22. On February 7, 2017, Defendant sent a letter acknowledging receipt on February 2, of Plaintiff's FOIA request. Defendant assigned request No. OIG-2017-00063, and categorized it as Exceptional/Voluminous pursuant to 43 C.F.R. § 2.15.

23. On February 17, 2017, Plaintiff voluntarily narrowed the scope of its request to the ROI and certain specified attachments to the extent they relate to the DOI-OIG investigation of the second and third complaints only.

24. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 43 C.F.R. § 2.19.

25. Twenty working days from February 2, 2017 (the date of Defendant's receipt of Plaintiff's request) was March 3, 2017.

26. Twenty working days from February 17, 2017 (the date Defendant's receipt of Plaintiff's voluntarily narrowed request) was March 20, 2017.

27. As of this April 10, 2017 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.

28. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its February 2, 2017 FOIA request, Plaintiff now turns to

this Court to enforce the FOIA's guarantee to public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

29. Plaintiff incorporates the allegations of the preceding paragraphs.

30. Defendant's failure to disclose the records requested under Request No. OIG-2017-00063 within the time limits mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Department of the Interior's regulations promulgated thereunder, 43 C.F.R. § 2.1 et seq.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing the Defendant disclose to plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every other order of the court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 10, 2017,

/s/ Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*